IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Hamm, ) | |
| ) | No. 9:15-cv-2734-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Holly Scaturo; NFN Chuma, *Mr. Ziggy*; ) | |
| NFN Dawson; NFN Pratt; NFN Borum; ) | |
| NFN Sanders; NFN Trapp; NFN Harnett; ) | |
| and NFN Meyers, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 65), recommending that Defendants' motion for summary judgment be granted. For the reasons stated below, the Court ADOPTS the R & R as modified, GRANTS Defendants' motion for summary judgment (Dkt. No. 58), and DISMISSES this action with prejudice.

**I. Background**

Plaintiff is a civilly committed inmate under the South Carolina Sexually Violent Predator's Act (SVPA), S.C. Code Ann. § 44-48-10, *et. seq.* He asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and possibly the Omnibus Adult Protection Act. Specifically, Plaintiff alleges that he received inadequate medical care and that the conditions of his confinement are unconstitutional and violate the ADA and Rehabilitation Act. The Magistrate Judge recommended granting summary judgment as to

1

all of Plaintiff's claims. (Dkt. No. 65). Plaintiff has filed objections, (Dkt. No. 70), and Defendants have filed a reply. (Dkt. No. 71).

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

2

56(a). Only material facts–those "that might affect the outcome of the suit under the governing law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* At the summary judgment stage, the court must "construe the evidence, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the nonmoving party." *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

### III. Discussion

#### A. Section 1983 Claims Regarding Medical Treatment

"The substantive component of the due process clause protects against only the most egregious, arbitrary governmental conduct–that is, conduct that can be said to 'shock[ ] the conscience.'" *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). "[I]t is . . . clear that negligence alone does not amount to a constitutional violation." *Id.* In the case of a civilly committed individual, denial-of-medical-care claims and inadequate-medical-care claims are governed by the professional judgment standard articulated by the Supreme Court in *Youngberg v. Romeo*, 457 U.S. 307 (1982).[1] *Id.* at

---

[1] The Magistrate Judge correctly articulated and applied this standard in the R & R. (*See* Dkt. No. 65 at 25, 27-29). However, the Magistrate Judge also stated that "[i]n order to avoid summary judgment, Plaintiff would need to have submitted evidence sufficient to create a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs." (Dkt. No. 65 at 26). The deliberate indifference standard that applies in the cases of inmates and pre-trial detainees is not applicable in the context of civilly committed individuals. *Patten*, 274 F.3d at 842. Instead, the professional judgment standard articulated in

3

842. Under *Youngberg*, "decisions made by the appropriate professional are entitled to a presumption of correctness," and "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." 457 U.S. at 323, 324.

The Court agrees with the Magistrate Judge that Plaintiff has put forward no evidence that Defendants substantially departed from the accepted standards in providing medical care to Plaintiff. Defendants have submitted expert testimony that their actions were within the standards of care, and Plaintiff has only submitted conclusory assertions to the contrary. Plaintiff lacks the expertise to opine about whether the care he received was within professional standards of care, and the alleged inadequacies (e.g., having to wait 15 minutes on medication and denial of a foam mattress) are not "so obvious[ly]" a substantial departure from accepted standards "that even a lay person would easily recognize" them as such. *Cf. Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (defining a "serious medical need" as a "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."). Therefore, summary judgment is appropriate.

## B. Section 1983 Conditions of Confinement Claims

The Court also agrees with the Magistrate Judge that none of Plaintiff's conditions of confinement complaints (e.g., having to occasionally walk up or down six steps and not having the type of mattress and pillow he wants) are not sufficiently serious to amount to constitutional

---

*Youngberg* applies. *Id.* Therefore, the Court modifies the R & R to remove reference to the deliberate indifference standard, but adopts the reasoning of the Magistrate Judge in applying the *Youngberg* standard.

violations. Plaintiff was not "subjected to conditions that amount to punishment," and there is no evidence that Plaintiff's conditions of confinement were outside "the bounds of professional discretion." *Harris v. Christie*, No. CIV.A. 10-2402 (SRC), 2010 WL 2723140, at *7 (D.N.J. July 7, 2010).

In his objections, Plaintiff claims that he was subject to unconstitutional sleep deprivation because "banging of the entry door" disturbed his sleep. (Dkt. No. 70 at 5). However, Plaintiff's allegations do not compare to the extreme conditions in the cases cited by Plaintiff where inmates were forced to sleep nude on concrete floors in illuminated cells. Plaintiff has cited no authority for the proposition that he is entitled to complete silence for sleeping.

Plaintiff also objects that being shackled for transport is a constitutional violation. (Dkt. No. 70 at 6). However, officials may restrain committed individuals "when and to the extent professional judgment deems this necessary to assure such safety or to provide needed training." *Youngberg*, 457 U.S. at 324. The S.C. Department of Mental Health's policy and practice of restraining residents when being transported for safety reasons is not a constitutional violation. *See Buthy v. Comm'r of Office of Mental Health of New York State*, 818 F.2d 1046, 1051 (2d Cir. 1987) ("The use of handcuffs in transporting [civilly committed patients] to court appearances also does not amount to a constitutional violation. It is clear that whatever liberty interest may be implicated by such a restraint is substantially outweighed by the state's security interest in preventing the escape of persons adjudicated to be dangerous."). Therefore, Plaintiff's objections are overruled and the Court adopts the R & R with regard to his conditions of confinement claims.

### C. ADA and Rehabilitation Act Claims

The Magistrate Judge recommended dismissing Plaintiff's ADA and Rehabilitation Act claims because Plaintiff has not sued the proper defendant. To be a proper defendant, the defendant must own, lease or operate a place of public accommodation within the meaning of the ADA. *E.g., Clement v. Satterfield*, 927 F. Supp. 2d 297, 313-14 (W.D. Va. 2013) (citing cases). None of the named individual defendants do so. In his objections, Plaintiff states that the proper defendant has been sued because the Sexually Violent Predators Treatment Program (SVPTP) is a subsidiary of the Department of Mental Health. (Dkt. No. 70 at 7). However, neither SVPTP nor the Department of Health are defendants. Plaintiff has only named individual employees of the state. These are not proper defendants. Therefore, the Court adopts the R & R and grants summary judgment on these claims.

### D. Omnibus Adult Protection Act Claims

The Magistrate Judge recommends dismissing this claim for failure to name a proper defendant. (Dkt. No. 65 at 33). Plaintiff does not object to this recommendation and states that he "will pursue [this claim] state side." (Dkt. No. 70 at 9). The Court agrees with the Magistrate Judge and dismisses these claims.

### IV. Conclusion

For the reasons stated below, the Court the ADOPTS the R & R (Dkt. No. 65), as modified, as an order of this Court. Accordingly, Defendant's motion for summary judgment (Dkt. No. 58) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

//

//

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

July 28, 2016
Charleston, South Carolina